## In re ARRIETA-RIOS' ESTATE.

### No. 45176.

County Judge's Court, Dade County.

March 13, 1959.

158

Hall & Hedrick and George W. Whitehurst, Jr., all of Miami, for Felicita Gimenez Vda. de Arrieta, widow and administratrix.

Marshall O. Mitchell, Vero Beach and Gaspar Rivera-Cestero, San Juan, Puerto Rico, for Alberto Arrieta Negron, petitioner for revocation.

W. F. BLANTON, County Judge.

*Order upon petition for revocation of probate and alternative petition to administer as intestate estate*: This matter comes on to be heard upon the petition of Alberto Arrieta Negron, son of Rafael Arrieta-Rios, deceased, for the revocation of the probate of the decedent's last will and testament, and upon the petition in the alternative filed by Felicita Gimenez Vda. de Arrieta, the widow, that the estate be administered under the laws of intestacy.

The decedent, a resident of the commonwealth of Puerto Rico, died on November 8, 1958, leaving a last will and testament written in the Spanish language. On November 28, 1958 his widow filed in

this court a copy of the will duly certified to by F. Fernandez Cuyar, an attorney and notary public under the laws of Puerto Rico, who had prepared the will. A translation thereof was presented to this court for probate, the translation by Carlos Fernandez, a Florida attorney considered by this court to be eminently qualified and competent to make such translation.

The will disclosed the following named legatees and devisees— *widow*: Felicita Gimenez Vda. de Arrieta; *children*: Carmen Felicita Arrieta y Gimenez, Carmen Margarita Arrieta y Negron Moran, Rafael Arrieta y Negron, Jose Roberto Arrieta y Negron, and Luis Alberto Arrieta y Negron.

One of the heirs, Carmen Felicita Arrieta, filed a consent to the probate. This daughter and the widow are represented by Hall & Hedrick, attorneys.

In the pre-trial conference for the hearing upon the petition for revocation, Marshall O. Mitchell admitted his representation of all the other above named heirs, but stated that in this proceeding he was appearing only for the petitioner, Alberto Arrieta Negron.

Without citation, this court admitted the translation of the copy of the will to probate on November 28, 1958. On December 2, 1958 the petitioner, Alberto Arrieta Negron, was served with copies of letters of administration cum testamento annexo, which issued to the widow, and advised of the probate of the will. On the same date Marshall O. Mitchell was advised of the entry of the order admitting the will to probate and the issuance of letters of administration.

On or about December 10, 1958—within 20 days after entry of the order admitting the will—the petition for revocation of probate was filed. It was therein alleged that on November 20, 1958 the petitioner was appointed curator of the decedent's estate by the county judge of Indian River County, Florida. A certified copy of said proceedings was offered and accepted in evidence at the hearing on the petition for revocation.

The hearing on the petition for revocation took place on January 28, 1959. Although the petitioner qualified and took charge and control of the assets about November 20, 1958, he had not filed an inventory of the assets of the estate in the county judge's court of Indian River County, and has refused to disclose to the administratrix CTA the property of which he has taken possession as curator. Apparently it is admitted by counsel for petitioner that the personal property of which he took charge and control consisted of livestock having a value in excess of $200,000 and other property having a value of several hundred thousands of dollars.

In the petition for curatorship it was alleged that the father died intestate—this appears improbable because the decedent left an open notarial will, and upon his death its existence was a matter of common knowledge among the family and friends. The will bequeathed $90,000 to the widow, the balance of the estate to be divided into five shares to be equally distributed to four children by a former wife and to the child of the widow.

The decedent was unquestionably a resident of Puerto Rico. There is a question as to his domicile. In the will he represented himself to be a resident of and domiciled in Puerto Rico, yet the admissions by the petitioner for revocation in his sworn testimony were that he had rented and paid for an apartment in Coral Gables, Florida, several months before his death and that the term of tenancy extended beyond his demise.

The decedent had for many years owned property in Florida, consisting of bank accounts in Dade County and personalty and real estate located in Martin and Indian River counties. His bank business was essentially done in Dade County, and at the time of his death he was indebted to the Pan American Bank of Miami in a sum in excess of $200,000 which was secured by a mortgage on his livestock situated in Indian River County and by a second mortgage on his real estate located in Indian River and Martin counties. The indebtedness secured by this mortgage was in default at the time of the appointment of the petitioner as curator and at the time this court appointed the widow administratrix CTA.

After her appointment the administratrix CTA applied to this court for an order authorizing her to execute a note extending the due date of decedent's obligations in the amount of $204,779.78 to March 26, 1959. To this application the attorney for all the heirs, devisees and legatees other than the widow and her daughter agreed —as appears by the original of his letters attached to the petition for authority. Other orders have been entered in this matter, such as for the payment of interest upon decedent's indebtedness and for the payment of a widow's allowance—none of which have been objected to by the opposing parties.

The certified copy of proceedings in the county judge's court of Indian River County shows the filing of a petition for the probate of the will of the decedent by the heir who has filed the petition for revocation of probate. Such petition for probate was filed on December 8, 1958.

The issues presented to this court may be summarized as follows—

One of the decedent's heirs sought and obtained a curatorship proceeding in one of the three counties in Florida in which the appropriate court had venue. This curator, after being appointed, did not, so far as the record goes, comply with the laws of Florida in the protection and preservation of the assets. Nevertheless, after the appointment of the widow as administratrix CTA, he filed a petition for his appointment as administrator CTA in the jurisdiction which he first adopted in the curatorship proceedings.

He now contends that this court erred in appointing the widow because—(1) no citation was issued to the other heirs, (2) the will was not entitled to probate because it "was not authenticated and exemplified in a manner as required by the laws of the State of Florida for the probate of a foreign will," (3) the widow was not entitled to preferential appointment, (4) the decedent was not domiciled in Dade County, and (5) the translation of the will filed in this court was not a correct and accurate translation.

The above issues are concisely presented in the able brief tendered by Gaspar Rivera-Cestero, a member of the Bar of Puerto Rico.

During the pre-trial conference before the hearing upon the petition for revocation, it was admitted by all counsel that there was no probate of the will in the commonwealth of Puerto Rico, of which the decedent was a resident. It was further admitted that counsel for all the heirs, devisees and legatees were before the court. Counsel for petitioner to revoke, however, stated that they appeared in this proceeding for him only.

The widow thereupon presented a petition in the alternative for her appointment as administratrix of the estate of the decedent on the basis that if the laws of Florida do not provide for the ancillary probate of a will which cannot be authenticated and exemplified as required by the laws of Florida, then the decedent should be considered to have died intestate.

The statutes of Florida are silent upon the subject matter of this estate in its present status. The probate laws of Florida, as in other states, provide for either a domiciliary or ancillary administration of a will properly executed and witnessed according to the laws of this state. If it is a foreign will and offered for ancillary probate, it is specifically provided in section 732.55, Florida Statutes 1957, that it can be done in an ancillary proceeding providing it is authenticated and exemplified in accordance with the provisions of that section.

If it is a will executed in a foreign country under the provisions of section 732.37, it must be authenticated by a consular representative of the United States. Accordingly, if an open notarial will is

not admitted to probate in a commonwealth of the United States, it would not appear that it can be submitted to this court as an authenticated and exemplified copy under the provisions of that section—because there is no consular representative in a commonwealth.

This court is inexperienced in the matter of the laws of Puerto Rico. From statements made by the eminent counsel for the petitioner, who is a member of the Bar of Puerto Rico, the court understands that his clients are unwilling to have a probate of the will in the domiciliary jurisdiction of Puerto Rico—the inference was left that at least there would be an indefinite duration of time until there might be a domiciliary probate.

The court is confronted as in all estate matters, with the necessity of making a determination looking to the preservation and protection of the property of the decedent located within the confines of Florida. This, of necessity, brings up the question whether this court committed error in appointing the administratrix CTA without the prior issuance of a citation to other heirs.

At first reading, the pertinent section, 732.34, would seem to require citation. However, it may be that citation is not required in the probate of a will written in a foreign language unless the same is offered in domiciliary probate. When a translation is offered acceptable to the court with a copy of the will in the foreign language, citation may no more be required than it is in the probate of any other ancillary will. This point, however, need not be decided in view of the court's ultimate ruling.

We come now to the question as to which county judge's court has venue. Counsel for the petitioner urged that this was a matter of jurisdiction with which this court disagrees. It is simply a question of venue, and it is the opinion of this court that venue is not determined under the statutes of Florida by the quantity of the estate possessed by a non-resident decedent in any county—otherwise our statutes would have so provided.

In this rather complex litigation the court must consider the good faith exhibited by the litigating parties in applying the Probate Act to preserve and protect all of the beneficiaries' rights. It is apparent that the curator-petitioner has been more interested in a titular authority than looking after the interests of the estate because he has neglected and refused to file in the county judge's court of Indian River County an inventory of the decedent's property of which he took possession. This property consists, among other things, of livestock of a considerable value. Without such an in-

ventory it would appear that such court did not take jurisdiction of the res.

This court is of the further opinion that venue being in Dade County, jurisdiction was obtained when the will was presented for probate and, therefore, this court should exercise jurisdiction.

It is admitted by counsel for the parties that the will has not been probated in Puerto Rico, and it is the view of this court that neither of the copies of the will submitted to this court or to the county judge's court of Indian River County is properly exemplified and authenticated as a foreign will.

The court must therefore determine whether the estate should be administered under the laws of Florida as an intestate estate.

It is reasonable to assume that the widow will elect to take dower —if she does, the heirs, legatees and devisees will share in the same and identical portions of the Florida estate of the decedent under the intestacy laws of Florida as each of them would under the will of the decedent.

It is the opinion of the court that the petition for letters of administration without the will annexed should be granted, and that the widow is entitled to preferential treatment as administratrix.

If and when the will is admitted to probate in the commonwealth of Puerto Rico, a duly exemplified and authenticated copy thereof may be offered to this court for probate in an ancillary administration, and then the only change in the administration would be in form and not in substance, and the words "Cum Testamento Annexo" would be supplied. The same result would obtain should the will be offered for probate as a lost will.

It is therefore ordered and adjudged—

That the order admitting will under date of November 28, 1958 is revoked.

That the estate of Rafael Arrieta-Rios, deceased, be administered under the laws of intestacy, and that Felicita Gimenez Vda. de Arrieta is hereby appointed administratrix of the estate.

That the oath of Felicita Gimenez Vda. de Arrieta and the bond heretofore required and duly filed and approved by the court are hereby ratified and approved.

That the orders heretofore entered by the court directing Felicita Gimenez Vda. de Arrieta to act as administratrix CTA are hereby ratified and approved as if she had been appointed administratrix of the estate in the first instance.